# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CYRIL L. EDWARDS,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-15-0030-I-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: January 5, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William E. Burkhart, Jr., Rochester, New York, for the appellant.

James R. Stellabotte, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his reduction in grade and pay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by the disparate penalties analysis below, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant was employed as a Supervisor, Maintenance Operations. Initial Appeal File (IAF), Tab 7 at 42. It is undisputed that on March 17, 2014, when he was scheduled to work an 8-hour tour, he worked less than 2 hours. IAF, Tab 36 at 4. A few days later, the appellant told an acting supervisor, who was charged with recording time and attendance, to credit him with 8 work hours for the day. IAF, Tab 7 at 29. After investigating the appellant's actions as to his tour on March 17, 2014, the agency proposed reducing him in grade and pay to a Mail Handler position based on a charge of improper conduct. *Id*. at 23-26. After the appellant responded orally to the proposed action, *id*. at 28-30, the deciding official upheld the reduction in grade and pay, *id*. at 15-21.

¶3 The appellant challenged the reduction in grade and pay before the Board and requested a hearing. IAF, Tab 1. After holding the requested hearing, the administrative judge issued an initial decision sustaining the agency's action. IAF, Tab 43, Initial Decision (ID). Specifically, she found that: (1) the agency proved the charge of improper conduct; (2) the appellant failed to prove his affirmative defenses of harmful procedural error and denial of due process; (3) the agency established that the disciplinary action promoted the efficiency of

the service; and (4) the agency established that the reduction was within the tolerable limits of reasonableness. ID at 4-15.

¶4 The appellant filed a timely petition for review in which he asserts that the administrative judge improperly characterized the penalty as a removal, made erroneous discovery rulings, and erred in finding the penalty reasonable. Petition for Review (PFR) File, Tab 3. The agency has filed a response in opposition to the petition for review, PFR File, Tab 5, and the appellant has filed a reply, PFR File, Tab 6.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

We discern no basis for disturbing the administrative judge's finding that the agency proved its charge.

¶5 On review, the appellant appears to challenge the administrative judge's finding that the agency proved its charge of improper conduct. PFR File, Tab 3 at 6-7. In particular, he sets forth sections of the agency's Employee and Labor Relations Manual (ELM) pertaining to employee leave usage. *Id*. He also references the testimony of a witness in support of his argument that, pursuant to the ELM, he was permitted to get paid for a full 8 hours of work on March 17, 2014, despite only having worked less than 2 hours, because his supervisor had told him to go home. *Id*. at 7.

¶6 Based on credibility determinations, the administrative judge properly determined that the appellant should have completed a PS Form 3971 requesting leave when he left work on the night in question. ID at 6-7. We decline to disturb the administrative judge's demeanor-based credibility findings on review. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the

---

[2] The appellant does not challenge the administrative judge's findings that the agency proved nexus and that he failed to prove his harmful error claim. PFR File, Tab 3. We see no reason to disturb these findings.

observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). The administrative judge further found that the appellant was not entitled to be paid for 8 hours of work, despite having worked less than 2, under any of the "personal absence" exceptions in the agency's ELM. ID at 6-7. Specifically, the administrative judge found that the agency's rules clearly state that an employee must work a minimum of 4 hours to receive personal leave for the remainder of the day absent some type of emergency. ID at 7. The administrative judge found that the appellant did not work the required 4 hours, nor did he set forth evidence of an emergency situation. ID at 8. Based upon our review, we conclude that the appellant's petition for review does not provide a basis for disturbing the administrative judge's well-reasoned findings that the agency proved its charge of improper conduct.

The agency's chosen penalty is within the tolerable limits of reasonableness.

¶7        Where, as here, the agency's one charge has been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors[3] and exercised management discretion within tolerable limits of reasonableness. *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013). The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.* For the reasons discussed below, we agree with the administrative judge that the reduction in grade and pay is reasonable under the circumstances.

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board identified a nonexhaustive list of 12 factors that are relevant in determining the appropriateness of the penalty.

*The administrative judge properly found that the deciding official correctly considered the nature and seriousness of the offense.*

¶8    The appellant argues that the administrative judge accorded too much weight to the seriousness of the offense and that the deciding official actually considered a charge of falsification without notifying the appellant that he was doing so.  PFR File, Tab 3 at 13-15.  We agree with the administrative judge that, in evaluating whether a penalty is warranted, the Board examines, first and foremost, the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional.  ID at 13 (citing *Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 23 (2008); *Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006)).  At the hearing, the deciding official testified that he considered the appellant's misconduct serious because:  (1) although the appellant had the opportunity to correct the misconduct, he did not; and (2) the appellant was a supervisor.  IAF, Tab 40, Hearing Compact Disc 2 (HCD2).  We find that neither the administrative judge nor the deciding official gave unnecessary weight to the seriousness of the offense.  *See Rasmussen v. Department of Agriculture*, 44 M.S.P.R. 185, 191 (1990) (finding that the appellant could have lessened the seriousness of his offense by advising the agency and law enforcement of his actions, instead of choosing to cover up his actions).

¶9    The appellant urges us to conclude, as the Board did in *Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 22 (2011), that the deciding official acted on the unspoken belief that the appellant engaged in falsification and thus imposed a harsher penalty.  PFR File, Tab 3 at 13-14.  The deciding official testified that, although he considered regulations concerning falsification of time records to the extent that they related to whether the appellant improperly recorded his leave, he considered the charge as one of improper conduct consistent with the proposal notice.  HCD2.  We find that the deciding official's testimony does not imply that he considered the charge itself to be falsification.

There is no further evidence that the deciding official considered the elements of falsification. *Id.*; *see* IAF, Tab 7 at 15-20. Thus, the appellant's argument does not provide a basis for disturbing the initial decision.

> *The deciding official did not err in his consideration of the appellant's job level and type of employment, including his status as a supervisor.*

¶10      The appellant next asserts that he was unreasonably penalized for his status as a supervisor. PFR File, Tab 3 at 15. The deciding official testified that he weighed the appellant's status as a supervisor heavily because the appellant was required to apply rules regarding timekeeping to his subordinates. HCD2. We agree with the administrative judge that the deciding official, in assessing which penalty to impose, properly considered the appellant's status as a supervisor. *See House v. U.S. Postal Service*, 80 M.S.P.R. 138, ¶ 12 (1998) (determining that the agency was entitled to hold the appellant to a higher standard of conduct because of his status as a supervisor).

> *We find no reversible error in the deciding official's consideration of the appellant's work record.*

¶11      The appellant also asserts that the deciding official erred by failing to give sufficient mitigating weight to his past work performance and by failing to consider certain evidence regarding his past work performance. PFR File, Tab 3 at 16-17. The deciding official testified that he considered that the appellant had excellent performance and no issues getting along with others during his 13 years of experience with the agency. HCD2. Thus, although the deciding official may not have reviewed all of the evidence that the appellant asserts he should have reviewed or considered all the factors regarding the appellant's performance, it is clear that the deciding official weighed the appellant's performance history as a mitigating factor in the penalty determination.

¶12      Additionally, the appellant asserts that the deciding official and the administrative judge erred by failing to consider his military service as part of his total length of service, which is one of the *Douglas* factors. *See Douglas*, 5 M.S.P.R. at 305. PFR File, Tab 3 at 16. When an appellant has both military

and civilian service, the Board has considered the combined period of Federal service in its penalty analysis. *See, e.g.*, *Boo v. Department of Homeland Security*, [122 M.S.P.R. 100](#), ¶ 21 (2014) (considering, as a mitigating factor, the appellant's 23 years of total Government service, which included only about 1 year of civilian service with the agency). The deciding official therefore should have considered the appellant's military service. However, because the deciding official already considered the appellant's 13 years of civilian service as a mitigating (as opposed to an aggravating) factor, HCD2, we find that his failure to consider the appellant's military service as additional support for mitigation would not have affected the ultimate penalty determination.

> *The deciding official properly considered the effect of the offense upon the appellant's ability to perform at a satisfactory level and its effect upon his confidence in the appellant's ability to perform assigned duties.*

¶13     The appellant asserts that the deciding official's consideration of the effect of the offense upon his ability to perform is flawed because: (1) the deciding official does not have specific knowledge of the impact of the appellant's misconduct as it relates to his trustworthiness and performance at the new facility and position to which he was scheduled to be assigned shortly after the misconduct; (2) the deciding official's belief that the appellant would violate rules for himself and other employees based upon a single instance of misconduct is highly speculative; and (3) the deciding official turned the appellant's years of service into an aggravating factor when he stated that a certain amount of trust is placed in individuals as they advance and get promoted in their careers. PFR File, Tab 3 at 17-18. The deciding official testified that the appellant breached the agency's trust because, as a supervisor, he was required to enforce agency rules but had not himself followed the those rules. HCD2. In *Douglas*, the Board determined that, when assessing the penalty, it is appropriate to consider "the employee's job level and type of employment, including supervisory or fiduciary role." *Douglas*, 5 M.S.P.R. at 305. We find that the deciding official here

properly considered the agency's lack of trust in the appellant as a supervisor and we defer to his determination that the agency no longer had confidence in the appellant's ability to serve in a supervisory role. *See Neuman*, 108 M.S.P.R. 200, ¶ 23 (finding that the Board's role is not to displace the judgment of senior agency managers who must have confidence that employees—particularly those in supervisory roles—will act appropriately at all times). After considering the deciding official's analysis as a whole, we find no error regarding this factor.

> *We modify the rationale for the administrative judge's finding that the appellant did not show that he was subjected to a disparate penalty.*

¶14　　The appellant argues generally that the administrative judge's disparate penalty analysis is erroneous. PFR File, Tab 3 at 18-20. The appellant specifically asserts that the administrative judge erred by rejecting proffered comparators from the same division in which he worked because they did not have the same supervisor or work in the same unit as did the appellant. *Id.* at 19-20. He asserts that R.S. and A.W. are appropriate comparators because, inter alia, they were disciplined for similar violations and were disciplined shortly before he was. *Id.* at 20. He also asserts that the administrative judge erred in not developing the record regarding D.G., whom he alleges engaged in similar conduct but suffered no discipline. *Id.* The deciding official testified that he did not consider R.S. and A.W. as comparators. HCD2. He testified that, instead, he considered one of the appellant's managers and D.G., and was told by someone in Employee and Labor Relations (ELR) that there were no other possible comparators. HCD2.

¶15　　First, we find that the administrative judge erred to the extent that she found that R.S. and A.W. were invalid comparators because they had a different supervisor and worked in a different unit. ID at 14. To establish disparate penalties, an appellant must show that the charges and the circumstances surrounding the charged behavior are substantially similar. *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 6 (2010). Whether a comparator was

employed in the same work unit is not dispositive as to whether an employee was a valid comparator.  *Villada v. U.S. Postal Service*, 115 M.S.P.R. 268, ¶ 12 (2010).  Thus, we modify the initial decision to the extent that the administrative judge relied on the different work unit and supervisor to exclude the two comparators.

¶16     Instead, we find that R.S. is not a valid comparator because the penalty imposed upon him was the result of a settlement agreement and that both R.S. and A.W. are not valid comparators because of the nature of their misconduct.  Where another employee receives a lesser penalty, despite apparent similarities in circumstances, as the result of a settlement agreement, the agency will not be required to explain the difference in treatment.  *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 10 (2013).   Here, R.S. is not a valid comparator because he and the agency reached a settlement resolving his proposed discipline.  IAF, Tab 31 at 53.  Additionally, neither R.S. nor A.W. is a valid comparator because of the nature of their misconduct.  Similar to the appellant, both employees were charged with violations related to recording time and attendance.  IAF, Tab 31 at 54-57, 61-64.  However, neither R.S. nor A.W. was charged with requesting a full 8 hours of work time when they knew they had worked substantially fewer hours.  *Id.* at 54-55, 61-62.  Thus, we find that these employees are not valid comparators.  *See Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶¶ 22-23 (2012) (finding that the appellant provided insufficient evidence to establish that he was similarly situated to two other employees for purposes of his disparate penalties claim because the employees did not engage in conduct similar to the appellant's).

¶17     Second, we modify the administrative judge's rationale for finding that D.G. was not a valid comparator.  The administrative judge found that D.G. was not a valid comparator because the record did not indicate that she violated any agency rules or regulations concerning her time and attendance or that she sought credit for work hours that she did not work.  ID at 14.  We instead find

that, regardless of whether such evidence existed, D.G. is not a valid comparator because she was never actually charged with misconduct. *See Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 19 (2014) (explaining that, when conducting a disparate penalty analysis, the deciding official is not required to consider the universe of conduct that was both charged and could have been charged).

¶18      Finally, we disagree with the appellant's assertion that the deciding official improperly considered one of his supervisors, who also was reduced in grade and salary for similar misconduct, as the sole comparator. The appellant asserts that the supervisor was an improper comparator because her misconduct was discovered during the same investigation as his. PFR File, Tab 3 at 23 (citing *Chavez*, 121 M.S.P.R. 168). Contrary to the appellant's arguments, however, the Board held in *Chavez* that a deciding official should be provided with information concerning the penalties imposed upon comparators whose misconduct was discovered in the same investigation. *Chavez*, 121 M.S.P.R. 168, ¶ 11. Thus, we find that the deciding official properly considered the penalty he imposed on the supervisor for purposes of disparate penalty.[4]

> *We find no error in the deciding official's consideration of the clarity with which the appellant was on notice of any rules that were violated.*

¶19      Next, the appellant asserts, inter alia, that he was not warned about the conduct in question because he had never been released from scheduled work due to lack of work and that his managers had conflicting interpretations about

---

[4] The appellant asserts that the administrative judge refused to allow him to develop the record regarding whether the deciding official was retaliating against one of his supervisors by imposing discipline on her for similar misconduct. PFR File, Tab 3 at 23. An administrative judge has wide discretion to control proceedings and the Board will only reverse an initial decision on the ground that the administrative judge excluded evidence or testimony if that evidence or testimony would have affected the outcome of the case. *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005). We fail to see a relationship between the alleged retaliation against the appellant's supervisor and the merits of the adverse action before the Board.

applicable rules. PFR File, Tab 3 at 26. The administrative judge found, in sustaining the charge, that absent some type of emergency, the agency rules clearly state that an employee must work a minimum of 4 hours to receive personal leave for the remainder of the day. ID at 7. The deciding official testified that, although the appellant may not have been warned about this specific situation, the rules regarding timekeeping were very widely known. HCD2. In his opinion, the appellant, who was a longtime employee and a supervisor, could not have thought that he could work for less than 2 hours and get paid for 8 hours. HCD2. In *Brown v. Department of the Army*, 96 M.S.P.R. 232 (2004), the Board upheld a penalty determination that considered the appellant's length of service both as a mitigating factor in itself and also as evidence that he should have been aware of applicable rules. *Id.*, ¶¶ 13, 16. We similarly find that the deciding official here properly considered the appellant's length of service both as a mitigating factor and for purposes of notice.

> *The deciding official's consideration of whether the appellant had the potential for rehabilitation is reasonable.*

¶20    The appellant further challenges the penalty determination by questioning the deciding official's statement that his potential for rehabilitation was a neutral factor. PFR File, Tab 3 at 28-29. The administrative judge found that the deciding official properly considered that the appellant could no longer be trusted to enforce the rules as a supervisor. ID at 13. The deciding official testified that the appellant's potential for rehabilitation was such that he could continue employment with the agency, but that he could not continue in a managerial role. HCD2. We agree with the administrative judge that the deciding official's consideration of this factor was reasonable. *See Douglas*, 5 M.S.P.R. at 305 (considering an employee's potential for rehabilitation is appropriate).

> *The administrative judge properly found that the deciding official correctly considered possible mitigating circumstances.*

¶21    The appellant next asserts that the deciding official, in determining which penalty to impose, should have considered three other mitigating circumstances:

(1) he was acting in a higher job level; (2) he was assigned to cover all three shifts; and (3) he was preparing to transfer to a different job, in a different career field, at a different facility. PFR File, Tab 3 at 29. Prior to finding that the deciding official properly considered the *Douglas* factors, the administrative judge noted that the deciding official was aware that the appellant was being transferred, but testified that he found no reason to consider this a mitigating factor because it was a lateral move. ID at 14; HCD2. The deciding official did not consider that the appellant was acting in a higher job level as a mitigating factor because the appellant would have volunteered to do so. HCD2. He also did not consider as a mitigating factor the fact that the appellant worked multiple shifts because working in a higher level job often resulted in multiple shifts but also would result in a higher salary. *Id*. We find no error in the deciding official's choice not to consider the aforementioned mitigating factors. *See Wynne v. Department of Veterans Affairs*, 75 M.S.P.R. 127, 136 (1997) (finding that stressful events did not constitute mitigating circumstances where the appellant did not explain or show how his misconduct was related to the stressful events).

> *The deciding official's consideration of the adequacy and effectiveness of alternative sanctions was reasonable.*

¶22     Finally, the appellant argues that the agency could have imposed a penalty of a letter of warning or a suspension, but instead elected not to apply progressive discipline or to provide him training. PFR File, Tab 3 at 30. The deciding official testified that the agency uses progressive discipline only for minor offenses. HCD2. He also testified that he considered other lesser penalties such as a letter of warning or a suspension but found that these penalties would not return the trust he lost in the appellant. *Id*. Contrary to the appellant's assertions, we find that the deciding official reasonably concluded that alternative lesser sanctions would not have been effective. Thus, although the appellant may wish

that the deciding official weighed the *Douglas* factors differently, this does not provide a basis for the Board to disturb the agency's penalty determination.

The appellant's remaining arguments do not provide a basis for disturbing the initial decision.

¶23    On review, the appellant asserts that the administrative judge erred because she considered the agency action as a removal. PFR File, Tab 3 at 10. While it is true that the administrative judge at times mistakenly referred to the penalty as a removal, she specifically concluded that the reduction in grade and pay was reasonable under the circumstances. ID at 15. We thus find that the administrative judge ultimately considered the correct penalty.

¶24    Next, the appellant asserts that he was prejudiced by the agency's refusal to provide an unredacted copy of a note of a meeting between the deciding official and ELR staff, and the administrative judge's failure to order the agency to provide said discovery. PFR File, Tab 3 at 21-22. The administrative judge informed the appellant that he could file a motion to compel discovery, IAF, Tab 19, but the appellant decided not to do so, IAF, Tab 21. Instead, the appellant asserted that the agency's failure to provide the unredacted document was a due process violation because it included an ex parte communication with the deciding official. *Id.* Because the appellant chose not to file a motion to compel, the administrative judge issued an order in which she concluded that discovery was completed. IAF, Tab 23. An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion the Board will not find reversible error in such rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013). Based upon these facts, we find the administrative judge did not abuse her discretion.[5]

---

[5] The appellant asserts that the administrative judge also erred by excluding certain documents. PFR File, Tab 3 at 23. At the hearing, the administrative judge excluded the appellant's exhibits H, I, J, L, M, and N, which she found were not relevant. HCD2. We find that the exclusion of these documents does not constitute reversible error because the appellant has not established that the administrative judge excluded

¶25     To the extent that the appellant still argues that the communication in question was an improper ex parte communication with the deciding official, there is no indication that the communication was substantial enough to constitute a due process violation.  *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999) (stating that the ultimate inquiry for due process purposes is whether the ex parte communication was "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances").  The redacted document contains the deciding official's notes of a June 2014 meeting with an ELR staff member regarding how he should handle the proposed action.  IAF, Tab 22.  The notes do not reflect that any new or material information was presented to the deciding official.  *See Stone*, 179 F.3d at 1377 (holding that only ex parte communications that introduce new and material information to the deciding official violate due process).  Thus, we find that the document does not represent a due process violation.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

evidence or testimony that would have affected the outcome of the appeal.  *See Jezouit*, 97 M.S.P.R. 48, ¶ 12.

2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.